IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE HARTLEY COMPANY, :

    Plaintiff,

    v. : Case No. 3:15-cv-94

        JUDGE WALTER H. RICE

JF ACQUISITION, LLC, d/b/a
JONES & FRANK, :

    Defendant.

---

ENTRY ORDERING ORAL ARGUMENT AND EVIDENTIARY HEARING BETWEEN PLAINTIFF THE HARTLEY COMPANY AND DEFENDANT JF ACQUISITION, LLC, d/b/a JONES & FRANK REGARDING WHETHER THE STATE OF OHIO PETROLEUM UNDERGROUND STORAGE TANK RELEASE COMPENSATION BOARD IS A NECESSARY PARTY AND MUST BE JOINED AS A PLAINTIFF; ARGUMENT AND HEARING SHALL BE CONDUCTED VIA TELEPHONE, AND AT A TIME AND DATE TO BE DETERMINED DURING JANUARY 9, 2017, FINAL PRETRIAL CONFERENCE

---

Based on this Court's review of the Omnibus Motion *in Limine* ("Motion") filed by Plaintiff The Hartley Company ("Hartley"), Doc. #22, and the memorandum *contra* of Defendant JF Acquisition, LLC, d/b/a Jones & Frank ("JF"), Doc. #34, it has concluded that the State of Ohio Petroleum Underground Storage Tank Release Compensation Board ("PUSTRCB" or "The Board") may be a necessary party to this action. The Court's conclusion is based on the following:

    1.    The Board has a right of subrogation against JF if it pays or reimburses Hartley for remediation costs incurred and JF is found liable. Ohio Rev. Code § 3737.92(I); Ohio Admin. Code § 3737-1-22;

2. There is no evidence that The Board has assigned the above right to Hartley or otherwise waived that right;

3. The amount of compensation, if any, that the Board may pay to Hartley is dependent upon a finding of liability and apportionment of fault in this case;

4. Hartley has not designated specific evidence to support the statement in its Motion that The Board "has not [paid], and will not[] pay for [Hartley's] claims until after liability is determined in this case." Doc. #22, PAGEID #143;

5. Hartley has not designated specific evidence to support the statements in its reply memorandum that it "is in regular communication with PUSTRCB" and that "PUSTRCB is fully apprised of the current litigation[.]" Doc. #41, PAGED #729.

6. It is unclear from statutes, regulations, caselaw and the parties' briefings if either or both of Hartley's characterization of The Board as an insurer, *id.*, or JF's characterization of The Board as an entity whose "primary purpose is to protect water resources and reduce pollution," Doc. #34, PAGEID #607 (citation omitted), is accurate. Resolution of that question will help determine the admissibility of any payment received by Hartley from The Board. Fed. R. Evid. 411; and

7. If The Board exercises its right of recovery, then JF may be forced to pay an amount greater than its share of liability, if any, as determined by a jury.

Thus, the interests of The Board appear to be implicated directly by this matter, Fed. R. Civ. P. 19(a)(1)(B), and, if The Board is not joined, then the Court may not be able to "accord complete relief among existing parties." Fed. R. Civ. 19(a)(1)(A). Further, as The Board, like Hartley, is a citizen of Ohio, and JF is a citizen of North Carolina, Doc. #1-1, ¶¶ 1-2, PAGEID #5; Doc. #2, ¶2, PAGEID #58, the Court's jurisdiction would be unaffected if The Board were joined. 28 U.S.C. § 1332. Thus, the Court need not determine whether The Board is an indispensable party under Rule 19(b). *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citing *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)).

However, Hartley did not join The Board in its Complaint, Doc. #1-1, and JF, despite raising the question of whether The Board needed to be joined, did not move to dismiss Hartley's Complaint for failure to join a necessary party. Fed. R. Civ. P. 12(b)(7). Moreover, The Board has not sought to intervene in the case, and this Court is unaware of, and the parties do not cite, any case—federal or state—in which The Board has been a party in the proposed capacity. Thus, there may be facts or law not presently before the Court that would demonstrate that: (a) The Board's interests are not directly implicated; and (b) the Court may be able to accord complete relief between Hartley and JF without The Board's inclusion in the case. Fed. R. Civ. P. 19(a)(1).

Accordingly, the Court ORDERS oral argument and an evidentiary hearing regarding the above issue. The argument and hearing shall be conducted via telephone, at a date and time to be determined during the January 9, 2017, final pretrial conference.

3

Date: January 9, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE